808 So.2d 524 (2001)
John J. SCHMITT
v.
LOUISIANA BOARD OF ETHICS.
No. 2000 CA 0341.
Court of Appeal of Louisiana, First Circuit.
March 28, 2001.
*525 Robert E. Lee, Sr., Lafitte, Counsel for Appellant, John J. Schmitt.
R. Gray Sexton, Maris LeBlanc McCrory, Kathleen M. Allen, Baton Rouge, Counsel for Appellee, Louisiana Board of Ethics.
Before: GONZALES, FOGG and PETTIGREW, JJ.
GONZALES, J.
In this appeal, John J. Schmitt, a former employee of the Jefferson Parish Sheriffs Office (JPSO), challenges a decision of the Louisiana Board of Ethics (Board), finding he violated La. R.S. 42:1112(B)(1), a provision of the Louisiana Code of Governmental Ethics (Ethics Code), La. R.S. 42:1101, et seq. According to the Board, Mr. Schmitt improperly participated in the bid process to secure a small automotive parts contract between the JPSO and Vehicle Parts, Inc. (VPI), when VPI obtained 100% of its parts inventory from Mauer Distributors, Inc., an entity for whom Mr. Schmitt's son, Stephen, worked. The Board imposed a $10,000.00 fine against Mr. Schmitt for the Ethics Code violation and Mr. Schmitt appeals.[1]
Judicial review of the decision of the Board is conducted in accordance with the Louisiana Administrative Procedure Act (APA). La. R.S. 42:1143. The APA specifies that judicial review shall be confined to the record, as developed in the administrative proceedings. La. R.S. 49:964(F). The reviewing court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) not supported and sustainable by a preponderance of evidence as determined by the reviewing court. La. R.S. 49:964(G). In re McJunkins, 99-0326, p. ___ (La.App. 1 Cir. 3/31/00) 794 So.2d 845. On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121 (La.App. 1 Cir. 2/20/98), 710 So.2d 799, 803, writ denied, 98-0780 (La.5/8/98), 719 So.2d 51.
Pursuant to La. R.S. 49:964(G)(6), we have made our own determinations of fact and conclude the evidence supports a finding that Mr. Schmitt violated La. R.S. 42:1112(B)(1). In conducting this review, we have given due regard to the Board's determination of credibility issues. The findings of fact and conclusions of law set forth in the Board's September 16, 1999 written reasons for judgment are correct. We adopt these reasons as our own and attach a copy thereof to this opinion.[2]

*526 DECREE
For the foregoing reasons, the decision of the Board is AFFIRMED. Costs of this appeal are assessed to Mr. Schmitt.

ATTACHMENT

WRITTEN REASONS FOR JUDGMENT

In Re: John J. Schmitt

(Ethics Board Docket No. 98-740)

LOUISIANA BOARD OF ETHICS
DATE: September 16, 1999 OPINION NO.: 98-740
RE: In the matter of Mauer Distributors, Inc., John Schmitt and Vehicle Parts, Inc.
The Louisiana Board of Ethics (the "Board"), at its July 15, 1999 meeting, conducted a public hearing for the purpose of exploring the following:
CHARGES
I.
That Mauer Distributors, Inc., a company of which John Schmitt owns fifty percent, may have violated Section 1111C(2)(d) of the Louisiana Code of Governmental Ethics [LSA-R.S. 42:1111C(2)(d)] by virtue of its selling automotive parts to Vehicle Parts, Inc. and receiving approximately $1,318,244 in compensation, at a time when John Schmitt was employed by the Jefferson Parish Sheriff's Office and Vehicle Parts, Inc. had a contract with the Jefferson parish Sheriffs Office.
II.
That John Schmitt, as the captain of the Jefferson Parish Sheriffs Office Garage, may have violated Section 1112B(1) of the Louisiana Code of Governmental Ethics [LSA-R.S. 42:1112B(1)] by virtue of his participating in reviewing the bids that were submitted for the Jefferson Parish Sheriffs Office's small automotive parts contract and recommending that Vehicle Parts, Inc. should be awarded the contract.
III.
That Vehicle Parts, Inc. may have violated Section 1117 of the Louisiana Code of Governmental Ethics (LSA-R.S. 42:11170) by virtue of its compensating Mauer Distributors, Inc. approximately $1,318,244 for automotive parts purchased between August 1995 and August 1998, at a time when John Schmitt was employed by the Jefferson Parish Sheriffs Office and Vehicle Parts, Inc. had a contract with the Jefferson Parish Sheriff's Office.
On the basis of the evidence and testimony adduced, the Board now makes the following essential:

I.

FINDINGS OF FACT

Mauer Distributors, Inc. and John Schmitt

1.
Mauer Distributors, Inc. (Mauer) is an automotive parts distributor which at all pertinent time was owned 50% by John Schmitt, the former Captain/Supervisor of the Jefferson Parish Sheriffs Office Motor Pool.

2.
Captain Schmitt was employed by the Jefferson Parish Sheriffs Office as the Captain/Supervisor of the Motor Patrol from 1980 until November 6, 1998.

*527 3.
Between 1995 and August 1998, Vehicle Parts, Inc., was awarded the small automotive parts contracts with the Jefferson Parish Sheriffs Office Motor Pool.

4.
Between 1995 and August 1998, Mauer sold a total of $1,318,244 worth of automotive parts to Vehicle Parts, Inc. Yearly, those figures were as follows: In 1995, Mauer sold $369,950 to Vehicle Parts, Inc. In 1996, Mauer sold $366,934 to Vehicle Parts, Inc. In 1997, Mauer sold $403,438 to Vehicle Parts, Inc. And in 1998, Mauer sold $177,922 worth of automotive parts to Vehicle Parts, Inc.

5.
As the Captain/Supervisor of the Jefferson Parish Sheriffs Motor Pool, Schmitt was responsible for informing Chief L.W. Farrington of the parts needed to maintain the department's vehicles. This responsibility included making recommendations on specific parts, reviewing bids submitted to fill the specifications required by the motor pool and making recommendations as to which bidder should be awarded the contract to supply the specified parts to the Motor Pool.

6.
Captain Schmitt recommended that Vehicle Parts, Inc. be awarded the small automotive parts contracts with the Jefferson Parish Sheriffs Motor Pool.

Vehicle Parts, Inc.

1.
Vehicle Parts, Inc., which engages in the business of selling automotive parts, is partially owned by Charles L. Lulei.

2.
Beginning in the early 1990's, Vehicle Parts, Inc. bid on contracts with the Jefferson Parish Sheriffs Office Motor Pool. From 1995 until 1998, Vehicle Parts, Inc. held small automotive parts contracts with the Jefferson Parish Sheriffs Office Motor Pool.

3.
Between 1995 and August 1998, Vehicle Parts, Inc. purchased y $1,318,244 worth of automotive parts from Mauer to fulfill the contract Vehicle Parts, Inc. had with the Jefferson Parish Sheriffs Office Motor Pool. Vehicle Parts, Inc., obtained 100% of the parts it supplied to the Jefferson Parish Sheriffs Office from Mauer.

4.
Stephen Schmitt, the son of Captain John Schmitt, worked at Mauer Distributors, Inc. while Vehicle Parts, Inc. had the small automotive parts contracts with the Jefferson Parish Sheriffs Office and it was often with Stephen Schmitt that Mr. Lulei communicated to obtain the automotive parts Vehicle Parts, Inc. needed to fulfill its contract with the Jefferson Parish Sheriffs Office Motor Pool.

II.

APPLICABLE LAW
Section 1111C(2)(d) of the Code of Governmental Ethics prohibits a public servant and any legal entity in which he owns in excess of 25% from providing compensated services to any person who has a contractual relationship with the public servant's agency. Section 1111C(2)(d) of the Code provides as follows:
No public servant and no legal entity in which the public servant exercises control or owns an interest in excess of twenty-five percent, shall receive any thing of economic value for or in consideration of services rendered, or to be rendered, to or for any person during his public service unless such services are:

*528 (d) Neither performed for nor compensated by any person from whom such public servant would be prohibited by R.S 42:1115(A)(1) or (B) from receiving a gift.
Section 1112B(1) of the Code prohibits a public servant from participating in any transaction involving his agency and in which a member of his immediate family member has a substantial economic interest. Section 1112B(1) of the Code provides as follows:
No public servant, except as provided in R.S. 42:1120, shall participate in a transaction involving the governmental entity in which, to his actual knowledge, any of the following persons has a substantial economic interest:
(1) Any member of his immediate family.
Section 1117 of the Code prohibits a public servant or other person from making a payment to a public servant or other person that the public servant or other person is prohibited by the Ethics Code from receiving. Specifically, Section 1117 of the Code provides:
No public servant or other person shall give, pay, loan, transfer, or deliver or offer to give, pay, loan, transfer, or deliver, directly or indirectly, to any public servant or other person any thing of economic value which such public servant or other person would be prohibited from receiving by any provision of this part.
The following terms are defined in Section 1102 of the Code and are relevant when analyzing the above Sections:
(13) "Immediate family" as the term relates to a public servant means his children, the spouses of his children, brothers, sisters, parents, spouse and the parents of his spouse.
(15) "Participate" means to take part in or to have or share responsibility for action of a governmental entity or a proceeding, personally, as a public servant of the governmental entity, through approval, disapproval, decision, recommendation, the rendering of advice, investigation, or the failure to act or perform a duty.
(21) "Substantial economic interest" means an economic interest which is of greater benefit to the public servant or other person than to a general class or group of persons, except:
(a) The interest that the public person has in his position, office, rank, salary, per diem, or other matter arising solely from his public employment or office.
(b) The interest that a person has as a member of the general public.
(24) "Service" means "the performance of work, duties, or responsibilities, or the leasing, rental or sale of movable or immovable property."

III.

OPINION
It is the opinion of the Board that, John Schmitt, the former Captain/Supervisor of the Jefferson Parish Sheriffs Motor Pool, violated Section 1112B(1) of the Code of Governmental Ethics by participating in the Jefferson Parish Sheriffs Office bid process to secure the small automotive parts contract between Vehicle Parts, Inc. and the sheriffs office, when Vehicle Parts, Inc. obtained 100% of its automotive *529 parts from Mauer and when Captain Schmitt's son Stephen, worked for Mauer. Section 1112B(1) of the Code prohibits a public servant from participating in any transaction involving his agency and in which a member of his immediate family has a substantial economic interest. Captain Schmitt was the Jefferson Parish Sheriff's employee who informed Chief L.W. Farrington which parts were needed to keep the motor pool in working order. Captain Schmitt helped Chief Farrington write the specifications for the parts to be bid upon by hopeful contract recipients. Captain Schmitt made recommendations to Chief Farrington concerning which bidder should be awarded the small automotive parts contract with the Jefferson Parish Sheriff's Office. In fact, it was Captain Schmitt who recommended to Chief Farrington that Vehicle Parts, Inc. be awarded the small automotive parts contracts. Moreover, Captain Schmitt knew that Vehicle Parts, Inc. purchased 100% of the automotive parts it needed to fulfill its contracts with the Jefferson Parish Sheriff's Office from Mauer.
It is the opinion of the Board that Mauer Distributors, Inc., owned 50% by Captain John Schmitt, violated Section 1111C(2)(d) of the Code by selling automotive parts to Vehicle Parts, Inc. between 1995 and August 1998, when Vehicle Parts, Inc. had the small automotive contracts with the Jefferson Parish Sheriff's Office Motor Pool during that time period. Section 1111C(2)(d) of the Code prohibits a legal entity, in which a public servant has an ownership interest greater than 25%, from providing compensated services to any person who has a contractual relationship with the public servant's agency. Pursuant to Section 1102(24), "Service" specifically includes the sale of movable property.
It is the opinion of the Board that Vehicle Parts, Inc., partially owned by Charles L. Lulei, violated Section 1117 of the Code by making payments to Mauer for automotive parts totaling $1,318,244 between 1995 and August 1998, while Vehicle Parts, Inc. had small automotive parts contracts with the Jefferson Parish Sheriff's Office Motor Pool.
The Louisiana Board of Ethics is authorized to impose a penalty of up to $10,000 for each violation of the Code. In this particular situation, on the basis of all of the information obtained during the course of the public hearing, the Board hereby imposes a $10,000 penalty upon Captain John Schmitt, a $10,000 penalty upon Mauer Distributors, Inc. and declines to impose a penalty upon Vehicle Parts, Inc. Further, according to Section 1155A of the Code, the Board is authorized to impose a penalty which "may include, in addition to an amount equal to such economic advantage, penalties not to exceed one half of the amount of the economic advantage." Pursuant to this statute, the Board imposed an additional $10,000 penalty upon Mauer Distributors, Inc.

IV.

DECREE AND ORDER
IT IS DECREED that Captain John Schmitt, the former Captain/Supervisor of the Jefferson Parish Sheriff's Office Motor Pool, violated Section 1112B(1) of the Code of Governmental Ethics by participating in the Jefferson Parish Sheriff's Office bid process to secure the small automotive contract between Vehicle Parts, Inc. and *530 the sheriffs office, when Vehicle Parts, Inc. obtained 100% of its automotive parts from Mauer Distributors, Inc. and Captain Schmitt's son Stephen, worked for Mauer Distributors, Inc.
IT IS DECREED that Mauer Distributors, Inc., owned 50% by Captain John Schmitt, violated Section 1111(2)(d) of the Code of Governmental Ethics by selling automotive parts to Vehicle Parts, Inc. between 1995 and August 1998, when Vehicle Parts, Inc. had small automotive parts contracts with the Jefferson Parish Sheriff's Office Motor Pool.
IT IS DECREED that Vehicle Parts, Inc. violated Section 1117 of the Code of Governmental Ethics by making payments to Mauer Distributors, Inc. totaling $1,318,244 at a time when Mauer Distributors, Inc. was prohibited by Section 1111C(2)(d) of the Code from receiving such payments for the sale of automotive parts to Vehicle Parts, Inc.
IT IS ORDERED that a $10,000 penalty be and is hereby imposed upon Captain John Schmitt for his violation of Section 1112B(1) of the Code of Governmental Ethics.
IT IS ORDERED that a $10,000 penalty be and is hereby imposed upon Mauer Distributors, Inc. for its violation of Section 1111C(2)(d) of the Code of Governmental Ethics. Further, pursuant to Section 1155A of the Code of Governmental Ethics, it is ordered that an additional civil penalty of $10,000 be and is hereby imposed upon Mauer Distributors, Inc.
IT IS ORDERED that no fine be imposed upon Vehicle Parts, Inc. for its violation of Section 1117 of the Code of Governmental Ethics.
By Order of the Board this 16th day of
September 1999.
/s/ Robert L. Roland
Robert L. Roland, Chairman
/s/ Robert P. Barcikis
Dr. Robert P. Barcikis
/s/ Harry Blumenthal, Jr.
Harry Blumenthal, Jr., Vice Chairman
/s/ Virgil Orr
Dr. Virgil Orr
Absent and did not participate
Judge E.L. Guidry, Jr.
Absent and did not participate
Justice Revius O. Ortique, Jr.
Absent and did not participate (7-15-99)
Rev. Carole Cotton Winn
/s/ T.O. Perry, Jr.
T.O. Perry, Jr.
/s/ Ronald L. Sawyer
Ronald L. Sawyer
Absent and did not participate (7-15-99)
Edwin O. Ware
NOTES
[1] The Board also concluded Mauer Distributors, Inc. and VPI violated Sections 1111(C)(2)(d) and 1117 of the Ethics Code, respectively, and imposed a $10,000.00 fine against Mauer Distributors, Inc. No appeal was taken by either of these parties.
[2] In his brief, Mr. Schmitt argues the Board's decision violates the First and Fourteenth amendments of the United States Constitution. This argument has no merit.