841 So.2d 15 (2003)
In re: JEFFERSON ALLIANCE, INC.
No. 2002 CA 0335.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
Rehearing Denied March 24, 2003.
*16 Kurt C. Garcia, Metairie, for Appellant Jefferson Alliance, Inc.
R. Gray Sexton, Maris L. McCrory, Jennifer G. Magness, Baton Rouge, for Appellee Louisiana Board of Ethics.
Before: FOIL, McCLENDON and KLINE[*], JJ.
FOIL, J.
This appeal challenges a ruling of the Louisiana Board of Ethics decreeing that Jefferson Alliance, Inc., a citizen group organized for the primary purpose of endorsing candidates for political office and taking positions on ballot issues, is a "political committee" subject to the registration and reporting requirements of the Campaign Finance Disclosure Act, La. R.S. 18:1481 et. seq. Jefferson Alliance argued that it did not meet the statutory definition of a "political committee" because it did not directly contribute money to a particular campaign, nor had it advertised on behalf of a candidate or participated in door-to-door campaigning. Instead, it urged, funds it received from its members in the form of dues, and profits it received from its annual awards banquet were used only to operate the organization, and these funds and expenditures fell outside the scope of the Campaign Finance Disclosure Act.
The Board of Ethics disagreed, finding that Jefferson Alliance was a political committee because it was primarily organized to support or oppose political candidates and issues, and the organization had made expenditures and received contributions in excess of the statutory requirement in order to influence the outcome of elections in Jefferson Parish. The group, the Board concluded, was therefore subject to the reporting and disclosure requirements of the campaign finance law. The Board further imposed a $10,000.00 penalty for Jefferson Alliance's failure to file the necessary documents, but suspended that penalty upon the condition that Jefferson Alliance file the documents within 30 days of the finality of the Board's decision.
Jefferson Alliance contends the Board of Ethics erred in finding its operations fit the statutory definition of a political committee. Judicial review of rulings of the Board of Ethics is conducted in accordance with the Louisiana Administrative Procedure Act. Schmitt v. Louisiana Board of Ethics, XXXX-XXXX, p. 2 (La.App. 1 Cir. 3/28/01), 808 So.2d 524, 525. A reviewing court may reverse or modify the Board's decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) not supported and sustainable by a preponderance of evidence *17 as determined by the reviewing court. La. R.S. 49:964 G; Schmitt v. Louisiana Board of Ethics, 808 So.2d at 525.
Employing this standard of review, we conclude that the findings of fact and conclusions of law set forth in the Board's written reasons for judgment are correct. We adopt these reasons as our own and attach a copy thereof to this opinion. Furthermore, we find no merit to Jefferson Alliance's challenge to the penalty imposed by the Board, as that penalty will be suspended if the group files the requisite documents within 30 days of the finality of the Board's decision. Should Jefferson Alliance refuse to file the document within that time period, there would be a knowing violation of the law which would clearly subject Jefferson Alliance to penalties under La. R.S. 18:1505.4 A(1).

DECREE
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Jefferson Alliance.
AFFIRMED.

ATTACHMENT

LOUISIANA BOARD OF ETHICS

Ethics Board Docket No. 2000-117
Date: November 27, 2001
RE: Jefferson Alliance, Inc.
The Louisiana Board of Ethics (the "Board"), at its August 16, 2001 meeting accepted a joint stipulation of facts with joint exhibits and, after the filing of briefs, at its September 19, 2001 meeting considered oral arguments in connection with a public hearing for the purpose of exploring the following:

CHARGES

1.
That Jefferson Alliance, Inc. may have violated Sections 1491.1 and 1505.1D of the Campaign Finance Disclosure Act ("CFDA") (La. R.S. 18:1491.1 and 1505.1 D) by failing to register as a political committee for the years 1999 and 2000.

2.
That Jefferson Alliance, Inc. may have violated Section 1505.1A and/or B of the CFDA (La. R.S. 18:1505.1 A and/or B) by failing to file, for the years 1999 and 2000, the campaign finance disclosure reports required by the provisions of Section 1491.6 of the CFDA (La. R.S. 18:1491.6), including, but not limited to, reports required for the October 1999 election based upon its endorsement of candidates participating in that election.

I.

FINDINGS OF FACT

1.
Jefferson Alliance, Inc. is a non-profit corporation organized under the laws of the State of Louisiana on a membership basis.

2.
According to its Articles of Incorporation, Jefferson Alliance, Inc. is organized to further the common good and general welfare of the people of the community and bring about civic betterment and social improvements through the encouragement of good government.

3.
The primary activity of Jefferson Alliance, Inc. consists of conducting candidate and proposition forums, and Jefferson Alliance may issue endorsements of candidates or propositions. Other major activities *18 include town hall meetings and awards banquets.

4.
Members of Jefferson Alliance, Inc. pay annual dues. In 1999, Jefferson Alliance, Inc. had 46 members. In 2000, Jefferson Alliance, Inc. had 37 members. The dues assessment in both 1999 and 2000 was $20 per member.

5.
The original bylaws of Jefferson Alliance, Inc. provided as follows:
The Jefferson Alliance shall prepare an advertising campaign budget, allocate the cost of that budget among the candidates who are endorsed, and request these candidates to participate. A candidate's failure to contribute financially to this campaign will in no way jeopardize or affect our endorsement.
The public relations firm retained by Jefferson Alliance shall make a full accounting to each candidate who participated in the budget of the campaign, and make such accounting available to the public. The accounting shall show all money received, all money spent, how all money was spent and whether there is a refund and the extent of such refund to the candidates. Refunds to candidates shall be on a pro rata basis. The public relations firm shall make an accounting within the time limits prescribed by law under the campaign reporting laws. Further, the public relations firm shall timely file all necessary reports required by campaign reporting laws and the Election Reporting Compliance Committee shall report this fact to the president in writing when accomplished. In the event of non-compliance, the Election Reporting Compliance Committee shall accomplish the reporting procedure and report same to the president.
It is also the policy of the Jefferson Alliance not to accept from any candidate or elected official any agreement to keep any excess money from campaigns. All excess money must be returned to the candidate concurrent with the time requirements of the reporting law.

6.
At its November 9, 2000 meeting, the Jefferson Alliance voted to remove the paragraphs as provided in Finding of Fact No. 5 from its bylaws based upon its position that the language did not reflect the practice of the organization.

7.
The provision of the bylaws quoted in Finding of Fact No. 5 was copied from the bylaws of the Alliance for Good Government. Jefferson Alliance, Inc. was established by former members of the Alliance for Good Government. Jefferson Alliance has never practiced the above quoted bylaw in Finding of Fact No. 5 or used it in its operations.

8.
Alliance for Good Government is registered and reports as a political committee. In Ethics Board Docket Nos. 95-048 and 2000-669, the Board issued advisory opinions addressing the issue of Alliance for Good Government's need to register and report. In Ethics Board Docket No. 2000-669, the Alliance for Good Government was described as "a non-profit corporation that holds public forums and endorses candidates and/or propositions during an election cycle. The endorsed candidates participate in advertisements through an advertising agency indicating that the Alliance is proud to endorse them. Candidates pay the fees for the advertising directly to the advertising agency. The Alliance also holds a banquet to obtain funds to cover expenses for its day-to-day operations.
*19 Candidates and elected officials purchase tickets to the banquet and the financial activity is in excess of $500." In Ethics Board Docket No. 2000-669, the Board concluded that "the Alliance for Good Government must continue to register and report as a political committee."

9.
Candidates endorsed by Jefferson Alliance, Inc. may use the organization's logo on campaign advertisements.

10.
In 1999 and 2000, Jefferson Alliance, Inc. endorsed numerous candidates which included candidates for "major office" and "district office" as those terms are defined by La. R.S. 18:1483(11) and (7).

11.
The income of Jefferson Alliance, Inc. is derived from its membership dues and profits, if any, resulting from its annual banquet.

12.
Tickets for the annual banquets sponsored by Jefferson Alliance, Inc. in 1999 and 2000 were sold at a cost of $30 per person. In 1999, total ticket sales were $5,800. In 2000, total ticket sales were $4,245. Numerous candidates and elected officials purchased tickets to such banquets.

13.
The expenditures of Jefferson Alliance, Inc. include funds spent for postage for meeting notices, copies, stationary, awards, a Christmas party, and banquet fees. Expenditures in 1999 totaled $3,960.45. Expenditures in 2000 totaled $5,172.73. No direct expenditures were made to political candidates or propositions.

II.

APPLICABLE LAW
Jefferson Alliance, Inc. was charged with violating Sections 1491.1 and 1505.1 of the Campaign Finance Disclosure Act [La. R.S. 18:1491.1 and 18:1505.1] by failing to register as a political committee. Jefferson Alliance, Inc. was also charged with violating Sections 1505.1A and/or B of the Campaign Finance Disclosure Act [La. R.S. 18:1505.1 A and/or B] by failing to file campaign finance disclosure reports as required by Section 1491.6 of the Act-[La. R.S. 18:1491.6].
La. R.S. 18:1491.1, 18:1505.1, and 18:1491.6 provide in pertinent part as follows:
§ 1491.1. Registration of political committees
A. Each political committee, including a subsidiary committee, which knows or anticipates that it will receive contributions or loans, make expenditures or loans, or make a transfer of funds to or receive a transfer of funds from another committee during a calendar year in the aggregate amount exceeding five hundred dollars shall file a statement of organization with the supervisory committee annually after January 1 and no later than January 31 of each calendar year. Any such committee organized after January 31 shall file the required statement of organization no later than the tenth day after its organization. Any committee which, after January 31, knows or anticipates that it will receive contributions, loans, or transfers of funds or make expenditures, loans, or transfers of funds in the aggregate in excess of five hundred dollars during the calendar year shall file the required statement of organization within ten days after the date on which it has information which causes it to know or anticipate that it will receive such contributions, loans, or transfers of funds or make such expenditures, loans, or transfers of funds. If a political committee *20 which knows or anticipates that it will receive contributions, loans, or transfers of funds or make expenditures, loans, or transfers of funds in the aggregate in excess of five hundred dollars during a calendar year, is organized within ten days prior to any election, it shall file the statement of organization required by this Section no later than the third day after such organizing. Any committee required to file supplemental reports under the provisions of R.S. 18:1491.6 shall file the annual statement of organization. The supervisory committee shall issue a certificate of registration to each committee which submits the statement required by this Subsection.

* * *
D. No committee shall receive contributions or loans, make expenditures or loans or make a transfer of funds to or receive a transfer of funds from another committee in the aggregate in excess of five hundred dollars in any calendar year until it has filed the annual statement of organization required by this Section. Any committee which violates the provisions of this Subsection shall be subject to the penalties provided in R.S. 18:1505.5 and R.S. 18:1505.6.
E. The supervisory committee is hereby authorized to impose a fee not to exceed the amount of one hundred dollars for each statement required to be filed under this Section to be remitted to the supervisory committee together with the statement on or before the time the statement is required to be filed. Any statement submitted without the proper fee shall be deemed as not being properly submitted to the supervisory committee. All fees collected hereunder shall be used solely by the supervisory committee for the enforcement of the provisions of this Chapter, as appropriated by the legislature.
§ 1505.1. Failure to submit report; failure to file report timely or properly
A. Failure to submit the reports required by this Chapter shall constitute a violation of this Chapter. Failure to submit any such report within three days after the final date for filing shall be presumptive evidence of intent not to file the report.
B. Failure to submit the reports required by this Chapter at the time required shall constitute a violation of this Chapter.
C. Failure to disclose or failure to disclose accurately any information required to be reported by this Chapter shall constitute a violation of this Chapter.
D. Failure to properly submit statements in accordance with R.S. 18:1491.1(E) shall constitute a violation of this Chapter.
§ 1491.6. Reports required; reporting times and periods
A. The chairman of a political committee and the campaign treasurer of the committee, if any, shall be responsible for filing a report of all information required in this Section and R.S. 18:1491.7 with the supervisory committee at the times required in this Section. The political committee chairman and campaign treasurer of the committee, if any, shall certify, in each report, that the information contained in the report is true and correct to the best of their knowledge, information and belief, that no expenditures have been made and no contributions have been received that are not reported therein, and that no information required by this Part has been deliberately omitted.
B. A report shall be filed for a political committee for each regularly scheduled *21 election in which the committee participates according to the following schedule:
(1) Each committee which is participating in the election of a candidate for major office shall file a report no later than the one hundred eightieth day prior to the primary election, which shall be complete through the one hundred ninetieth day prior to the primary election.
(2) Each committee which is participating in the election of a candidate for major office shall file a report no later than the ninetieth day prior to the primary election, which shall be complete through the one hundredth day prior to the primary election.
(3) Each committee shall file a report no later than the thirtieth day prior to the primary election, which shall be complete through the fortieth day prior to the primary election.
(4) Each committee shall file a report no later than the tenth day prior to the primary election which shall be complete through the twentieth day prior to the primary election.
(5) Each committee shall file a report no later than the tenth day prior to the general election which shall be complete through the twentieth day prior to the general election. This shall be the final report for the election for any committee which does not participate in the general election, unless supplemental reports are required as provided in Subsection D of this Section.
(6) Each committee shall file a report no later than the fortieth day after the general election which shall be complete through the thirtieth day after the general election. This report shall be the final report for the election for any committee which participated in the general election, unless supplemental reports are required as provided in Subsection D of this Section.
(7) The final report of a committee that supports or opposes only one candidate who either withdraws as a candidate or is unopposed for election to the office he seeks shall be the next report due as required in this Subsection as of the date that the candidate withdraws or ascertains that he is unopposed, unless supplemental reports are required as provided in Subsection (D) of this Section. The report shall contain a statement that it is the final report and the reasons therefor.
C. During the period beginning at midnight of the twentieth day prior to a primary election and extending through midnight of primary election day, and during the period beginning at midnight of the twentieth day prior to a general election and extending through midnight of general election day, each committee shall file a report with the supervisory committee of:
(1)(a) The full name and address of each person from whom the committee has received and accepted a contribution, loan, or transfer of funds during such period in excess of the following amounts: a committee participating in the election of a candidate for any major office, five hundred dollars; a committee participating in the election of a candidate for district office, two hundred and fifty dollars; a committee participating in the election of a candidate for any other office, two hundred and fifty dollars. If the committee is participating in the election of candidates for offices with different reporting amounts, the amount shall be the lowest for any candidate in whose election the committee is participating or in which any committee is participating to which it makes or from which it receives a transfer of funds.

*22 (b) Such report shall include the amount and date of each such contribution or loan reported, and a brief description and valuation of each in-kind contribution. If a loan is reported, the report shall contain the name and address of the lender, of the recipient of the proceeds of the loan, and of any person who makes any type of security agreement binding himself or his property, directly or indirectly, for the repayment of all or any part of the loan.
(2) Any expenditure in excess of two hundred dollars made to a candidate, committee, or person required to file reports by this Chapter, who makes endorsements, including the full name and address of each person to whom such expenditure is made, the amount, date and purpose of each such expenditure, and a brief description and valuation of an in-kind expenditure.
(3) Each report required by this Subsection shall be filed within forty-eight hours after the time the contribution or loan is received or expenditure made. If such time falls other than during regular working hours, the report shall be filed as soon as possible after the opening of the office of the supervisory committee on the next working day after the time at which the report is otherwise due.

* * *
F. The reports required for any regularly scheduled election shall also be filed for any special election to the extent the dates for filing reports occur after the call for the election. The supervisory committee may promulgate rules to effect the provisions of this Subsection. Such rules may waive any report required to be filed within ten days after the call for a special election.
G. The reporting period for all reports of political committees, except the first report of a committee, shall be the period from the time through which the preceding report was complete through the closing date for the particular report. The reporting period for the first report of a committee shall be the period from the time when the committee was organized through the closing date for the particular report.
The terms "contribution," "expenditure," and "political committee" are defined in La. R.S. 1483 which provides in pertinent part:
§ 1483. Definitions

* * *
(6)(a) "Contribution", except as otherwise provided in this Chapter, means a gift, conveyance, payment, or deposit of money or anything of value, or the forgiveness of a loan or of a debt, made for the purpose of supporting, opposing, or otherwise influencing the nomination or election of a person to public office, for the purpose of supporting or opposing a proposition or question submitted to the voters, or for the purpose of supporting or opposing the recall of a public officer, whether made before or after the election.
(b) "Contribution" shall also include, without limitation:

* * *
(iv) A payment for tickets to a testimonial or similar fund-raising event.

* * *
(9)(a) "Expenditure" means a purchase, payment, advance, deposit, or gift, of money or anything of value made for the purpose of supporting, opposing, or otherwise influencing the nomination or election of a person to public office, for the purpose of supporting or opposing a *23 proposition or question submitted to the voters, or for the purpose of supporting or opposing the recall of a public officer, whether made before or after the election.

* * *
(14)(a)(i) "Political committee" or "committee" means two or more persons, other than a husband and wife, and any corporation organized for the primary purpose of supporting or opposing one or more candidates, propositions, recalls of a public officer, or political parties, which accepts contributions in the name of the committee, or makes expenditures from committee funds or in the name of the committee, or makes a transfer of funds to or receives a transfer of funds from another committee, or receives or makes loans in an aggregate amount in excess of five hundred dollars within any calendar year.

* * *

III.

OPINION
It is the opinion of the Board that Jefferson Alliance, Inc. violated La. R.S. 18:1491.1 and 1505.1 D by failing to register as a political committee for the years 1999 and 2000. "Political committee" is defined in the Campaign Finance Disclosure Act as: (1) a corporation; (2) which is organized for the primary purpose of supporting or opposing one or more candidates, propositions, recalls of a public officer, or political parties; and (3) which accepts contributions in the name of the committee or makes expenditures from committee funds or in the name of the committee. La. R.S. 18:1483(14)(a)(i). A "political committee" is required to file a statement of organization if it knows or anticipates that it will receive contributions in excess of $500 in the calendar year or make expenditures in excess of $500 in the calendar year. La. R.S. 18:1491.1 A. A "contribution" includes any payment, deposit of money or anything of value, made for the purpose of supporting, opposing, or otherwise influencing the nomination or election of a person to public office, or for the purpose of supporting or opposing a proposition or question submitted to the voters. La. R.S. 18:1483(6). An "expenditure" includes a purchase, payment, or deposit of money or anything of value made for the purpose of supporting, opposing, or otherwise influencing the nomination or election of a person to public office, or for the purpose of supporting or opposing a proposition or question submitted to the voters. Jefferson Alliance, Inc. admitted through the Joint Stipulation of Facts introduced at the public hearing of this matter that (1) it is a corporation; and (2) its primary activity consists of conducting candidate and proposition forums and issuing endorsements of candidates. Moreover, the Joint Stipulation of Facts and supporting exhibits show that Jefferson Alliance, Inc. received contributions in excess of $500 for the years 1999 and 2000 through its acceptance of membership dues and payments for ticket sales to its annual banquet as its primary purpose was to influence candidate and proposition elections. Additionally, the Joint Stipulation of Facts and supporting exhibits establish that Jefferson Alliance, Inc. made expenditures in excess of $500 for the years 1999 and 2000 through payments for its daily operations its primary purpose was to influence candidate and proposition elections.
As Jefferson Alliance, Inc. was a political committee, it is the opinion of the Board that Jefferson Alliance, Inc. violated La. R.S. 18:1505.1 A and La. R.S. 18:1505.1 B by failing to file campaign finance disclosure reports for the years 1999 and 2000 *24 as required by the provisions of La. R.S. 18:1491.6, including, but not limited to, reports required for the October 1999 election based upon its endorsement of candidates participating in that election.
In addition to per day late fees, the Board is authorized to impose the civil sanctions of up to $10,000 as per La. R.S. 18:1505.4 A(4) for these violations of the Campaign Finance Disclosure Act.
For the foregoing reasons, the Board, by a majority vote, imposes a $10,000 civil penalty upon Jefferson Alliance, Inc., the payment of which is to be suspended conditioned upon Jefferson Alliance, Inc. registering as a political committee and filing any outstanding campaign finance disclosure reports for the years 1999 and 2000 within thirty days of this opinion becoming final.

IV.

DECREE AND ORDER
IT IS DECREED that Jefferson Alliance, Inc. violated La. R.S. 18:1491.1 and 1505.1 D by failing to register as a political committee for the years 1999 and 2000.
IT IS FURTHER DECREED that Jefferson Alliance, Inc. violated La. R.S. 18:1505.1 A and La. R.S. 18:1505.1 B by failing to file campaign finance disclosure reports for the years 1999 and 2000 as required by the provisions of La. R.S. 18:1491.6, including, but not limited to, reports required for the October 1999 election based upon its endorsement of candidates participating in that election.
IT IS ORDERED that a $10,000 civil penalty be imposed upon Jefferson Alliance, Inc., the payment of which is hereby suspended conditioned upon Jefferson Alliance, Inc. registering as a political committee and filing any outstanding campaign finance disclosure reports for the years 1999 and 2000 within thirty days of this opinion becoming final.
BY ORDER OF THE BOARD, this 27th day of November, 2001.
/s/ Robert L. Roland Robert L. Roland, Chairman
/s/ John W. Greene Judge John W. Greene
/s/ Absent and did not participate Billy J. Guin, Jr.
Virgil Orr Dr. Virgil Orr
/s/ Henry C. Perret, Jr. Henry C. Perret, Jr.
/s/ Edwin O. Ware Edwin O. Ware
/s/ T.O. Perry, Jr. T. O. Perry, Jr., Vice-Chairman
/s/ E. L. Guidry, Jr. Judge E. L. Guidry, Jr.
/s/ Joseph Maselli Joseph Maselli
/s/ Revius O. Ortique, Jr. Justice Revious O. Ortique, Jr.
/s/ Absent and did not participate Ronald L. Sawyer
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.