897 So.2d 669 (2004)
In re: Ted DEMURO and Nicholas Demuro.
No. 2003 CA 2694.
Court of Appeal of Louisiana, First Circuit.
November 3, 2004.
J. Brian Juban, Kyle Keegan, Baton Rouge, for Appellants Ted Demuro and Nicholas Demuro.
R. Gray Sexton, Kathleen M. Allen, Maris E. LeBlanc, Baton Rouge, for Appellee The Louisiana Board of Ethics.
Panel composed of Judges FRANK FOIL, RANDOLPH H. PARRO and JAMES E. KUHN.
FOIL, J.
Appellants, Dr. Theodore (Ted) Demuro and his son, Nicholas Demuro, appeal a decision of the Louisiana Board of Ethics. They challenge the Board's determinations that they violated several provisions of the Code of Governmental Ethics, La. R.S. *670 42:1101 et seq. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND
This case Involves several violations of the Code of Governmental Ethics allegedly committed by Ted and Nicholas Demuro. Ted Demuro was the headmaster of the Community School for Apprenticeship Learning (CSAL), and was also a member of the school's Steering Committee. On June 13, 2002, the Board of Ethics considered information indicating that Ted Demuro may have participated in the hiring of his son, Nicholas, as an employee and later as a contract laborer. The Board referred both men to investigation. Following a confidential investigation, a public hearing was conducted on April 10, 2003.
Based on the evidence presented, the Board found that Ted Demuro violated Section 1112 B(1) of the Code by participating in the hiring of his son as an employee and a contract laborer at CSAL.[1] The Board also found that Ted and Nicholas Demuro violated Section 1119 A, by virtue of Nicholas's employment at CSAL when Ted was the headmaster.[2] The Board further found that Nicholas Demuro violated Section 1113 A by providing services as a contract laborer to the school.[3] The Board imposed a $750 fine on Ted Demuro and a $500 fine on Nicholas Demuro.
The Demuros bring the instant appeal. They argue that the Board improperly applied the three Code provisions to the hiring and employment of Nicholas Demuro. In six assignments of error, they urge that the Board erred in: 1) determining that Ted Demuro participated in a "transaction involving the governmental entity" within the meaning of La. R.S. 42:1112 B; 2) determining that the element of a "substantial economic interest" was satisfied for purposes of Section 1112 B; 3) determining that Ted Demuro was an "agency head" within the meaning of Section 1119 A; 4) determining that CSAL is an "agency" within the meaning of Section 1119 A; 5) determining that Nicholas Demuro's employment was a "contract, subcontract, or other transaction that is under the supervision or jurisdiction of the agency of such public servant" within the meaning of Section 1113 A; and 6) determining that a monetary fine in any amount was appropriate.

STANDARD OF REVIEW
Judicial review of rulings of the Board of Ethics is conducted in accordance with the Louisiana Administrative Procedure Act. In Re Jefferson Alliance, Inc., 02-0335 (La.App. 1 Cir. 2/14/03), 841 So.2d 15, 16, writ denied, 03-1136 (La.6/20/03), 847 So.2d 1233. A reviewing court may reverse or modify the Board's decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error *671 of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) not supported and sustainable by a preponderance of evidence as determined by the reviewing court. La. R.S. 49:964 G; In Re Jefferson Alliance, Inc., 841 So.2d at 16.
In this case, the evidence showed that CSAL is a Type 1 charter school.[4] The Code of Governmental Ethics applies to charter schools. La. R.S. 17:3996 B(20). Ted Demuro served as the headmaster of the school from 1997 to 2002. As headmaster, he was responsible for oversight of the school, supervising faculty and staff, and implementing the curriculum. Ted Demuro was also a member of the Steering Committee and the Board of Directors for CSAL. The Steering Committee had authority to employ and terminate school personnel. The decision to hire Nicholas Demuro was made by the Steering Committee, of which Ted Demuro was a member at the time. In 1999, Nicholas Demuro was a salaried employee of CSAL. In 2000 and 2001, Nicholas Demuro provided construction services to CSAL on various school projects.
Employing the requisite standard of review, we conclude the evidence supports a finding that the Demuros violated the three provisions of the Code at issue. Based on the evidence, we cannot say that the findings of fact and conclusions of law made by the Board are incorrect. Accordingly, we decline to reverse or modify the Board's decision. Further, we find no merit to the Demuros' challenge to the penalties imposed by the Board, as the Board was authorized to impose a penalty of up to $10,000 for each violation of the Code.

DECREE
Based on the foregoing, the decision appealed from is affirmed. All costs of this appeal are assessed to appellants, Dr. Theodore and Nicholas Demuro.
AFFIRMED.
KUHN and PARRO, JJ., concur.
NOTES
[1] Section 1112 B(1) provides that no public servant shall participate in a transaction involving the governmental entity in which any member of his immediate family has a substantial economic interest.
[2] Section 1119 A provides that no member of the immediate family of an agency head shall be employed in his agency.
[3] Section 1113 A provides that no public servant, or member of his immediate family, shall bid on or enter into a contract that is under the supervision or jurisdiction of the public servant's agency.
[4] See La. R.S. 17:3973(2)(b)(i).