960 So.2d 941 (2007)
In re: Herbert DIXON.
No. 2006 CA 0950.
Court of Appeal of Louisiana, First Circuit.
March 28, 2007.
John W. Scott, Alexandria, Counsel for Appellant Herbert Dixon.
R. Gray Sexton, Kathleen M. Allen, Margaret Alvarez Sabadie, Baton Rouge, Counsel for Appellee Louisiana Board of Ethics.
*942 Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
A local school board member appeals a decision of the Louisiana Board of Ethics (Board), wherein he was found to have violated La. R.S. 42:1116 A for allegedly compelling a school principal to take certain personnel actions.

FACTS AND PROCEDURAL HISTORY
By a letter dated February 16, 2004, Herbert Dixon was notified that the "Louisiana Board of Ethics, at its February 12, 2004 meeting, concluded a private investigation" and that following the private investigation, the Board by a majority vote of its membership ordered that a public hearing be conducted for the purpose of exploring the charge that Mr. Dixon had violated La. R.S. 42:1116 A by using his position as a member of the Rapides Parish School Board to gain access to a local middle school and to urge the current and two prior principals to employ teachers who were members of the Louisiana Federation of Teachers. In response to the charge, Mr. Dixon, through counsel, engaged in extensive communication with the Board regarding the charge before filing a "Motion for Verdict in Favor of Herbert Dixon; Motion for Dismissal and/or to Quash Charge."
A hearing on the combined pre-trial motions was held before the Board on May 13, 2004, and as a result of the hearing, the Board issued a letter dated June 3, 2004, amending the original charge to assert the following:
CHARGES
I.
That Herbert Dixon may have violated Section 1116 A of the Code of Governmental Ethics (LSA-R.S.42:1116 A) in the following manner to wit:
 By using the authority of his position as a member of the Rapides Parish School Board to gain access to Arthur Smith Middle School, which is in Rapides Parish;
 Upon gaining access to the school, Mr. Dixon used the authority of his position as a school board member to urge, convince, compel and/or coerce the current principal at Arthur Smith Middle School, Norvella Williams, in the Fall of 2003 to give persons, other than himself, a thing of economic value by hiring several teachers at Arthur Smith Middle School who were members of the Louisiana Federation of Teachers and to re-hiring Kevin Thomas, a custodial employee at the school and member of the Louisiana Federation of Teachers; and,
 At a time when Mr. Dixon was employed by the Louisiana Federation of Teachers.
II.
That Herbert Dixon may have violated Section 1116 A of the Code of Governmental Ethics (LSA-R.S.42:1116 A) in the following manner to wit:
 By using the authority of his position as a member of the Rapides Parish School Board to gain access on more than one occasion to Arthur Smith Middle School, which is in Rapides Parish;
 Upon gaining access to the school, Mr. Dixon used the authority of his position as a school board member to urge, convince, compel and/or coerce the then principal at Arthur Smith Middle School, Rick Tison, during the *943 Fall of 2001 to give persons, other than himself, a thing of economic value by hiring teacher(s) at Arthur Smith Middle School who were members(s) of the Louisiana Federation of Teachers; and,
 At a time when Mr. Dixon was employed by the Louisiana Federation of Teachers.
A public hearing on the amended charges issued against Mr. Dixon was held on April 20, 2005, following which the Board by a vote of 7-2 found that the evidence supported a finding that Mr. Dixon had violated La. R.S. 42:1116 A in regard to allegations of charge I. On February 9, 2006, the Board issued a written decision in which it made several findings of fact and concluded that "Herbert Dixon violated Section 1116 A of the Code of Governmental Ethics by compelling Ms. Norvella Williams, while she served as the Principal of Arthur Smith Middle School, to recommend the promotion of David Brasher and to discontinue documenting the poor performance of Kevin Thomas, and thereby providing these persons with things of economic value." The Board then ordered that a $2,000 penalty be imposed on Mr. Dixon, "all of which is suspended based upon future compliance," and that the second charge against Mr. Dixon be dismissed. It is from this February 9, 2006 decision that Mr. Dixon now appeals.

STANDARD OF REVIEW
Where an administrative agency or hearing body is the trier of fact, the court will not review evidence before such body except for the purpose of determining if the hearing was conducted in accordance with authority and formalities of statute, whether the fact-findings of the body were supported by substantial evidence, and whether the body's conclusions from such findings were arbitrary or constituted abuse of the hearing body's discretion. Wartenburg v. Board of New Orleans-Baton Rouge Steamship Pilot Examiners for Mississippi River, 04-169, p. 4 (La. App. 5th Cir.6/29/04), 879 So.2d 853, 856, writ denied, 04-2329 (La.11/24/04), 888 So.2d 233. Judicial review of the decisions of the Board is conducted in accordance with the Louisiana Administrative Procedure Act (APA), La. R.S. 49:950-972. La. R.S. 42:1143; Schmitt v. Louisiana Board of Ethics, 00-0341, p. 2 (La.App. 1st Cir.3/28/01), 808 So.2d 524, 525. The APA provides that such review is confined to the record as developed in the administrative proceedings. La. R.S. 49:964 F. Moreover, La. R.S. 49:964 G provides:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing *944 court does not, due regard shall be given to the agency's determination of credibility issues.

DISCUSSION
One of the issues raised by Mr. Dixon in this appeal is the assertion that the Board violated his due process rights by determining that he violated La. R.S. 42:1116 A based on evidence of conduct that was beyond the scope of the charges. In the amended formal charge[1] issued by the Board against Mr. Dixon, the Board asserted:
Mr. Dixon used the authority of his position as a school board member to urge, convince, compel and/or coerce the current principal at Arthur Smith Middle School, Norvella Williams, in the Fall of 2003 to give persons, other than himself, a thing of economic value by hiring several teachers at Arthur Smith Middle School who were members of the Louisiana Federation of Teachers and to rehiring Kevin Thomas, a custodial employee at the school and member of the Louisiana Federation of Teachers. . . .
The evidence presented at the public hearing before the Board, however, differed from the facts alleged in the charge in several respects. Notably, Principal Williams testified that based on certain conversations she had with Mr. Dixon in the fall of 2002, she felt compelled and coerced by Mr. Dixon to recommend David Brasher, who was then employed as a teacher and physical education coach at Arthur Smith Middle School, for the position of assistant principal at the school. She further testified that during that same time period she felt compelled and coerced by Mr. Dixon to refrain from placing a letter of reprimand in the personnel file of Mr. Thomas, the school custodian. At the commencement of the hearing, counsel for Mr. Dixon pointed out to the Board that based on his questioning of Principal Williams prior to the hearing, he believed that her testimony would not support the specific factual allegations of the charge.
The state, by statute, may determine the process by which legal rights are asserted and enforced so long as a party receives due notice and an opportunity to be heard. Lott v. Department of Public Safety and Corrections, Office of Louisiana State Police, 98-1920, p. 7 (La.5/18/99), 734 So.2d 617, 621. Due process in proceedings before the Board requires that a person be informed of the charges against him; be given the opportunity to present evidence; be represented by counsel; be allowed to cross-examine witnesses against him; and be given the right to appeal. U.S. Const. amends. V, XIV; La. Const. art. I, § 2; La. R.S. 42:1141 E; Tebbe v. Commission on Ethics for Public Employees, 526 So.2d 1354, 1361 (La.App. 1st Cir.1988), rev'd in part on other grounds, 540 So.2d 270 (La.1989).
All proceedings before the Board are subject to the provisions of the APA, except for those matters expressly provided for in the Code of Governmental Ethics, La. R.S. 42:1101-1170. La. R.S. 42:1143. The Code of Governmental Ethics expressly provides that a public servant who is subject to a public hearing before the Board is entitled to written notification of the charges against him. La. R.S. 42:1141 E(1). A determination that the accused has violated a provision of law within the jurisdiction of the Board must be based on competent evidence presented at a duly *945 noticed public hearing. La. R.S. 42:1141 E(5), (10), and (11)(a).
According to LAC 52:1.1008 D, charges may be enlarged to conform with the evidence admitted. However, the Board's rules also provide that the Board may admit and give probative effect to such evidence only to the extent that the APA does not provide otherwise. LAC 52:I.1008 A. In this case, the APA does provide otherwise in that it requires that the Board's findings of fact be based exclusively on the evidence and on matters officially noticed. La. R.S. 49:955 G. Thus, although there was evidence presented at the hearing that supports the Board's factual findings, because the amended charge in the official notice given to Mr. Dixon referred to conduct that occurred in the "Fall of 2003" and involved the "hiring of teachers" and the "re-hiring of Mr. Thomas," the Board's determination should have been limited to the factual findings that fell within the scope of the notice presented in the charge. Thus, to the extent that the Board found that Mr. Dixon violated La. R.S. 42:1116 A based on evidence that was beyond the scope of the official notice given in the charge, we find that its actions were in violation of the due process accorded Mr. Dixon under La. R.S. 49:955 G.
Furthermore, we find that the Board's violation of La. R.S. 49:955G substantially prejudiced Mr. Dixon in preparing his defense in this matter. Mr. Dixon justifiably relied on statements from the Board, the Board's counsel, and applicable statutory provisions that the hearing and decision of the Board would be limited to the facts alleged in the charge. In particular, the record reveals that at the May 13, 2004 hearing, counsel for Mr. Dixon sought clarification of the allegations on which the charges were based and also of the manner in which the adjudication would be conducted. One of the Board members, retired Judge John W. Greene, specifically advised counsel for Mr. Dixon that "you have a right to discovery and you have the fall of 2001 and the fall of 2003 in the allegations which put you into a time period and you have the right to discover who the staff is talking about in writing a discovery." Judge Greene also acknowledged, in response to statements made by the Board's counsel regarding evidence collected by the Board's staff, that counsel for the Board could amend the charge to reflect additional evidence the staff may have gathered related to the charge.
Throughout the May 13, 2004 hearing, counsel for the Board, as well as members of the Board, stated that the Board's staff was only obligated to disclose the names of the witnesses that the staff might call to testify at the public hearing and to produce any evidence the staff might introduce at the hearing. It was also reiterated that Mr. Dixon was responsible, through the use of discovery, for finding out what facts the evidence established. Pursuant to this advice, counsel for Mr. Dixon interviewed Principal Williams and resolved that if she testified in conformity with the statements she made during the interview, her testimony would not support the allegations made in the charges. Furthermore, at the commencement of the public hearing, it was evident that such reasoning was integral to Mr. Dixon's defense strategy.
Based on these circumstances and the requirements of the APA, we believe that Mr. Dixon reasonably relied on the assertions of the Board that its determination would be limited to the specific facts alleged in the charge. We further believe it would be inequitable to hold that Mr. Dixon had to defend against such additional facts simply because the additional evidence was easily discoverable prior to the public hearing. Such reasoning would likewise require that the Board amend the *946 charge to correct errors in the allegations that it also could have easily discovered and corrected prior to the hearing.
Although an administrative agency may, under the authority of statutory provisions and its own rules, prescribe regulations for the presentation and the conduct of hearings not necessarily in strict conformity with the usual rules of evidence and technical rules of procedure, the fundamental principles governing a fair and impartial hearing or trial and due process of law must not be entirely dispensed with, but should be reasonably and substantially adhered to. See Johns v. Jefferson Davis Parish School Board, 154 So.2d 581, 584 (La.App. 3d Cir.1963); King v. Brown, 115 So.2d 405, 411 (La.App. 2d Cir.1959). As the Board failed to reasonably and substantially adhere to the minimal requirements of due process governing its proceedings as provided by law, then fundamental fairness requires that the decision of the Board be vacated. In so finding, we pretermit discussion of the remaining issues and arguments raised by Mr. Dixon in this appeal.

CONCLUSION
For the foregoing reasons, we vacate the decision of the Louisiana Board of Ethics finding Mr. Dixon in violation of La. R.S. 42:1116 A, and we remand for further proceedings consistent with this opinion. All costs of this appeal in the amount of $541.50 are to be borne by the Louisiana Board of Ethics.
VACATED AND REMANDED.
NOTES
[1] The Board actually considered two formal charges at the public hearing, but following the presentation of evidence on the second charge, the Board granted Mr. Dixon's oral motion to dismiss the second charge based on the evidence presented. Therefore, only the proceedings relative to the first charge are at issue in this appeal.