IzKUHN, Judge.
This is an appeal from an Office of Workers’ Compensation (“OWC”) determination denying an employee’s claim for benefits and dismissing his lawsuit with prejudice. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Claimant-appellant, Ernie Zeringue, was an electrical superintendent for Wireways, Inc. (‘Wireways”), where he had been employed for approximately ten years. Wire-ways, domiciled in Panama City, Florida, is an electrical contractor specializing in the installation of electrical systems in sawmills and paper mills. Claimant had worked for Wireways in numerous states throughout the South. When Wireways had work available for claimant, he would be required to leave his home for the duration of the project and travel to a location near the sawmill or paper mill. For the duration of a project, Wire-ways would pay for claimant’s motel accommodations and provide him with a per diem for his food expenses. Additionally, claimant was given unrestricted use of a company vehicle.
In May, 1993, claimant began working for Wireways at a sawmill located in Bruce, Mississippi. In accordance with its usual operating procedure, Wireways provided claimant with motel accommodations. The motel was located in nearby Calhoun City, Mississippi, in Calhoun County, approximately twenty to thirty minutes away from the job site. Daily, claimant drove himself from the motel to the job site, and back again, usually accompanied with a co-employee passenger. On the morning of July 12, 1993, claimant, accompanied by co-employee, James Pittman, drove to the Bruce job site. After working a shift which lasted between ten and twelve hours, the two men returned to the motel in the company-owned vehicle driven by claimant. On the way home, claimant mentioned to Pittman that he had forgotten some paperwork at the job site.
After returning to the motel, the men apparently went to their separate rooms. Shortly after, Pittman spoke with claimant for approximately fifteen minutes. He noticed claimant drinking a beverage from a plastic mug. Thereafter, the men parted company.
IsLater that evening at 9:44 p.m., claimant was involved in a single car accident in the company vehicle on the same road between the motel in Calhoun City and the job site in Bruce that he had driven on a daily basis since May. The vehicle apparently careened across the roadway and struck a tree. As a result, claimant was rendered a quadriplegic. Claimant does not recall any of the events immediately preceding or following the accident. Pittman was the last person known to have seen claimant prior to the accident.
On May 18, 1994, claimant filed a disputed claim form in Louisiana seeking workers’ compensation benefits from Wireways, and its compensation insurer, defendant-appellee, The Insurance Company of North America.[1] Defendants answered the lawsuit, averring that claimant was intoxicated at the time of the accident and, therefore, was statutorily precluded from receiving benefits.
After a trial on the merits, OWC concluded that claimant was intoxicated at the time of the accident and pursuant to La. R.S. 23:1081 denied benefits. In so ruling, OWC dismissed claimant’s lawsuit, with prejudice. *15 Claimant appeals, raising the following issues.
(1) Whether OWC erred in concluding that claimant had not overcome the presumption of intoxication;
(2) Whether OWC erred in failing to conclude that the intoxication defense was unavailable to Wireways under La. R.S. 23:1081(l)(b); and
(3) Whether OWC erred in failing to apply the doctrine of equitable estoppel.
INTOXICATION DEFENSE
La. R.S. 23:1081, entitled “Defenses” provides in relevant part:
(1) No compensation shall be allowed for an injury caused:
******
(b) by the injured employee’s intoxication at the time of the injury, unless the employee’s intoxication resulted from activities which were in ^pursuit of the employer’s interest or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours....
(3) For purposes of proving intoxication, the employer may avail himself of the following presumptions:
******
(e) If there was, at the time of the accident, 0.10 percent or more by weight of alcohol in the employee’s blood, it shall be presumed that the employee was intoxicated.
******
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.

Presumption of Intoxication

Claimant does not dispute that at the time of the accident there was 0.10 percent or more by weight of alcohol in his blood,[2] and, thus, clearly acknowledges the applicability of La. R.S. 23:1081(3)(c), which provides for the presumption that he was intoxicated' at the time of the accident. Rather, claimant asserts that OWC erred in concluding that he failed to overcome that presumption of intoxication. In so contending, claimant suggests that the intoxication defense is not applicable when the employee demonstrates “through his own proof that it is more likely than not that other factors were causative of the accident and alcohol cannot be inculpated.” Claimant urges because he has presented evidence that other causes may have contributed to the accident, he has met his burden of proof, thereby overcoming the presumption. We disagree.
|6Under the plain language of § 1081(12), the burden of proof placed upon claimant is to “prove that the intoxication was not a contributing cause of the accident,” in order to defeat Wireways’ intoxication defense.
Claimant presented the testimony of Gene Byron Moody, an expert in motor vehicle accident reconstruction, civil engineering, structural engineering, transportation safety, road design, construction and maintenance. Moody opined numerous factors presented a trap for the driver, including the defective condition of the shoulder and the wet road surface. Due to the long hours claimant worked every day of the week, Moody assumed that claimant was fatigued and that fatigue may have been another contributing factor. He explained that it was impossible for him to separate the role fatigue had in causing the accident from the effect of claimant’s intoxication. However, Moody con *16 ceded he could not eliminate claimant’s intoxication as a cause of the accident.
The record is devoid of any other evidence attempting to overcome the presumption that claimant’s intoxication was a cause of the accident. Accordingly, we find no error in OWC’s conclusion that claimant failed his burden of proving that his intoxication was not a contributing cause of the accident.[3]

Applicability of the Intoxication Defense

Claimant next asserts OWC erred in failing to conclude the intoxication defense was inapplicable under La. R.S. 23:1081(l)(b). In so asserting, claimant suggests that “the overall work environment to which the Wire-ways crew was subject and the manner in lewhich the employer acquiesced and/or participated in the imbibing at the motel and elsewhere” support application of § 1081(l)(b) thereby making the intoxication defense unavailable to Wireways. We disagree.
Section 1081(l)(b) requires proof that claimant’s intoxication resulted either (1) from activities which were in pursuit of Wire-ways’ interests; or (2) from activities in which Wireways procured the intoxicating beverage and encouraged its use during working hours. Pittman was the last person to see claimant before the accident. Although Pittman observed claimant drinking a beverage, he did not know what the beverage was. Claimant has no recall of the evening of the accident. No other fact witnesses were called to establish the events leading up to claimant’s intoxication. As such, there is no evidence to support a finding that the activities which resulted in claimant’s intoxication were activities done in pursuit of Wire-ways’ interests.
We do not find tenable claimant’s suggestion that the intoxication defense under § 1081(l)(b) is unavailable to Wireways simply due to the nature of his employment. Claimant urges that “all activities which the employer reasonably anticipates ... [the employee] will engage in during the period he is required to be away from his normal abode” are in pursuit of the employer’s interest. Thus, because he was in Calhoun City working for Wireways, claimant reasons, his intoxication is in furtherance of his employer’s activities. We note there is nothing in this record indicating that claimant was required, or was expected to retrieve the paperwork left at the job site at that late evening hour. Section 1081(l)(b) requires proof that the “intoxication resulted from activities which were in pursuit of the employer’s interests.” While the retrieval of the paperwork may be said to be in furtherance of Wireways’ interests, there is no evidence that the activities claimant engaged in prior to his decision to retrieve the paperwork were even remotely related to Wireways’ interests. Indeed, there is no evidence whatsoever as to the activities claimant engaged in that resulted in his intoxication. Thus, there is no basis to support a finding that claimant’s intoxication resulted from activities which were in the pursuit of the employer’s ^interests. We decline to hold that during the hours when an employee is not required to work that, as a matter of law, his intoxication resulted from activities in pursuit of the employer’s interests simply because Wireways paid for his lodging at the motel and provided him a per diem for food.
Additionally, the record does not contain any evidence to support a finding that claimant’s intoxication resulted from activities in which the employer procured the intoxicating *17 beverage and encouraged its use during claimant’s work hours. Claimant testified that he purchased the alcohol that he kept in his room from a neighboring county because Calhoun County was “dry.” There is no other evidence of a possible source of the alcohol that led to claimant’s intoxication. Additionally, claimant and Pittman both testified that they knew Wireways did not permit use of alcoholic beverages by employees while they were working at the job site; neither employee had ever seen any of the supervising employees drink while working at the job site. Thus, neither condition of this second statutory basis, which makes the intoxication defense set forth in § 1081(l)(b) unavailable to the employer, has been satisfied.
Accordingly, we find no error in OWC’s application of La. R.S. 23:1081(l)(b) to the facts presented in this case or in its conclusion that claimant failed to establish that the intoxication defense raised by Wireways is statutorily precluded.

Equitable Estoppel

Claimant urges that we should apply the doctrine of equitable estoppel to the facts of this ease to preclude Wireways from asserting the intoxication defense.[4] Claimant appears to be maintaining that because supervising employees (including the owner) would drink at the motel during hours when they were not working at the job site and regularly take ^employees to dinner where alcoholic beverages were available for consumption, Wireways represented that it was permissive to become intoxicated.
The Louisiana Supreme Court defines the doctrine of equitable estoppel as “the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.” John Bailey Contractor, Inc. v. State, Dep’t of Transp. & Dev., 439 So.2d 1055, 1059 (La.1983) (quoting American Bank and Trust Co. v. Trinity Universal Ins. Co., 251 La. 445, 205 So.2d 35 (1967)). It is well-settled that estoppels are not favored in Louisiana. Morris v. Friedman, 94-2808, p. 9 (La.11/27/95); 663 So.2d 19, 25. Estoppels cannot be permitted to prevail when in conflict with the positive written law. Morris, 94-2808 at p. 9; 663 So.2d at 26; La. C.C. art. 4.
Pursuant to La. R.S. 23:1081, our legislature has pronounced its will relative to an employee’s intoxication and the employer’s responsibility to pay compensation benefits. We will not use the doctrine of equitable estoppel to defeat that solemn expression of legislative will. See La. C.C. art. 2. Accordingly, we find no error in OWC’s implicit determination rejecting application of the doctrine of equitable estoppel.[5]
CONCLUSION
For the reasons expressed herein, the OWC ruling denying claimant, Ernie Ze-ringue, compensation benefits and dismissing his lawsuit is affirmed. All costs of this appeal are assessed against claimant.
AFFIRMED.

. At the time he filed this lawsuit, claimant was receiving workers’ compensation benefits in Mississippi. The parties stipulated that as of the date of trial, claimant had received $48,028.44 in weekly compensation benefits and a total of $1,068,255.34 had been paid in medical benefits pursuant to his claim in Mississippi. Claimant asserts this claim pursuant to La. R.S. 23:1035.1.

. In his testimony submitted via deposition, Arthur S. Hume, Ph.D., a pharmacologist and toxicologist, estimated that at the time of the accident, claimant’s blood alcohol content was "in a range of 0.17 — 0.185%.” Hume’s estimate was based on calculations derived from the results of a test conducted on the night of the accident, at 10:30 p.m. at Hillcrest Hospital, showing a blood alcohol level of 0.16 percent; and another conducted the following morning, at 12:23 a.m. at Baptist Memorial Hospital of Mississippi, showing claimant's blood alcohol content to be 0.13 percent.

. Although claimant concedes that Wireways is entitled to a1 statutory presumption of intoxication, he urges OWC erred in implicitly rejecting his challenges of the opinions of Dr. Thomas L. Windham and Emergency Medical Technician Mary Williams Hughes for lack of foundation. The testimony of these two witnesses was admitted via deposition. The gist of claimant’s argument is that in the examinations of these witnesses, appropriate foundations were not made upon which to base their respective opinions. Because we have found no error in OWC's con-elusion that claimant failed to sustain his burden of proving that his intoxication was not a contributing cause of the accident so as to defeat Wireways’ intoxication defense, the testimony of Windham and Hughes is not necessary for our resolution of the issues raised in this matter. Thus, we have not considered the testimony of either of these witnesses and pretermit a ruling on whether appropriate foundations were established to support the opinions of either of these witnesses.

. We note that La. R.S. 23:1081 (l)(b) appears to be a type of statutorily-created estoppel, and we have already concluded claimant has failed to establish his intoxication resulted from activities which were in pursuit of Wireways’ interests or in which Wireways procured the intoxicating beverage and encouraged its use during working hours.

. Claimant suggests statements contained in OWC's written reasons for its ruling evinces that "the trial examiner was ... greatly influenced by the fact that Social Security disability benefits were received.” Claimant requests that this court reverse OWC’s denial of compensation benefits and remand the matter for a new trial “by a different trial examiner who will not be unduly influenced” by claimant's receipt of Social Security benefits. Based on our review of the record in its entirety, we find claimant’s characterization to be unfounded. We construe the statements in OWC’s written reasons to be an expression of sympathy in light of the severe injuries claimant sustained and a recognition of the harsh result application of the law has produced under the facts of this case. Accordingly, we deny claimant’s request that this matter be remanded for a new trial.