GAIDRY, J.
|Jn this case, Bobby D. Higginbotham appeals a judgment converting an order of the Louisiana Board of Ethics assessing civil penalties for his failure to timely file a required campaign finance report into an order of the district court. We affirm.
*402 DISCUSSION
Louisiana Revised Statutes 18:1505.4 provides that any person who is required to file a report under the Campaign Finance Disclosure Act who knowingly fails to timely file the report may be assessed a civil penalty as provided by La. R.S. 42:1157 for each day until the report is filed. The amount of the penalty for a candidate for district office may be sixty dollars per day, up to a maximum of two thousand dollars. La. R.S. 18:1505.4(A)(2)(a)(ii). An additional civil penalty of up to ten thousand dollars may be imposed, after a hearing by the supervisory committee with notice to the party who is the subject of the hearing, if the required report has still not been filed by the eleventh day after it was due. La. R.S. 18:1505.4(A)(4)(b).
The staff of the Louisiana Board of Ethics (“the Board”) may automatically assess and order the payment of late filing fees for failure to timely file a required report. La. R.S. 42:1157(A)(1). A person assessed with late filing fees may appeal in writing to the Board within thirty days after the order requiring the payment of late feés is mailed. The appeal should set forth facts which tend to prove that he had good cause for filing late. All such appeals will be placed on the Board’s agenda for consideration, and the late filer may request an appearance before the Board. La. Adm.Code 52:1.1205. A person aggrieved by an order of the Board may appeal the Board’s decision to the Court of Appeal, First Circuit, if he ^applies to the Board within thirty days after the Board’s decision becomes final. La. R.S. 42:1142. A valid, final order of the Board may be converted into an order of the court by the filing of a rule to show cause in the district court. La. R.S. 42:1135.
On August 11, 2005, the Board found Bobby D. Higginbotham in violation of La. R.S. 18:1505.1(B) of the Campaign Finance Disclosure Act for his failure to file an Annual/Supplemental Campaign Finance Disclosure Report in connection with the October 4, 2003 election.[1] This report was due by February 15, 2005. In an order signed August 16, 2005, the Board ordered Mr. Higginbotham to pay $60 per day in late fees, up to a maximum of $2,000.00. The Board imposed an additional civil penalty in accordance with La. R.S. 18:1505.4(A)(4)(b) in the amount of $6,000.00, which would be suspended if the report was filed by September 11, 2005. Mr. Higginbotham did not appeal the Board’s order, nor did he make payment in accordance with the order. On December 13, 2005, the Board filed a petition[2] in accordance with La. R.S. 42:1135, seeking to have its order converted into an order of the court. At the time of the filing of the Board’s petition, Mr. Higginbotham had failed to pay any of the $8,000.00 in civil penalties. After a January 23, 2006 hearing at which Mr. Higginbotham was neither present nor represented by counsel, the court converted the Board’s order into an order of the court and also ordered Mr. Higginbotham to pay legal interest and his pro-rata share of the court costs.
Mr. Higginbotham appealed, alleging that the trial court erred in upholding the Board’s decision. He argued that the Board’s decision was |4arbitrary and capricious because the interest of the public would be served by the assessment of a *403 reduced fíne and because the penalties assessed against him are not in proportion to the severity of the offense.
Mr. Higginbotham argues that the purpose of the Campaign Finance Disclosure Act, to ensure an informed electorate and to establish public trust in elected officials,[3] would still be served by a reduced fíne. In support of this argument, Mr. Higginbotham cites In re: Ourso, 05-0543 (La.App. 1 Cir. 6/9/06), 938 So.2d 748, writ denied, 06-2205 (La.11/17/06), 942 So.2d 542, in which the Board imposed a $1,000.00 civil penalty for each of the defendant’s four violations of the Campaign Finance Disclosure Act, rather than the $2,000.00 maximum penalty for each, because the Board felt that the public interest would still be served by the lesser fíne. Mr. Higginbotham argues that he and Mr. Ourso both violated the Campaign Finance Disclosure Act; therefore it was an abuse of discretion for the Board to assess an $8,000.00 penalty to him instead of a reduced fine. It is misleading, however, for Mr. Higginbotham to compare his $8,000.00 fíne to Mr. Ourso’s $4,000.00 fine. Mr. Ourso was assessed four individual civil penalties in the amount of $1,000.00 each under La. R.S. 18:1505.4(A)(2)(a)(ii) for four reports which were not timely filed. Mr. Higginbotham was only assessed $2,000.00 in late fees under La. R.S. 18:1505.4(A)(2)(a)(ii). The additional $6,000.00 civil penalty was assessed under La. R.S. 18:1505.4(A)(4)(b) after a hearing because Mr. Higginbotham failed to file the required report by the eleventh day after it was due. Furthermore, Mr. Higginbotham failed to appear at the hearing to | firequest a reduced fine. In fact, he appears to have ignored the proceedings against him altogether until the order was converted into a judgment of the court and he filed this appeal.
In support of his argument that the penalty assessed against him was not in proportion to the severity of the offense, Mr. Higginbotham alleges that in the past the Board has reduced unpaid fines assessed against other political officials. Again, we note that Mr. Higginbotham failed to appeal the assessment of late fees to the Board, failed to appeal the Board’s decision to this court before it became final, and also failed to appear or have an attorney appear on his behalf at the hearing in the district court. Mr. Higginbotham also failed to avail himself of the opportunity to avoid the $6,000.00 civil penalty by simply filing the required report before September 11, 2005.
Judicial review of rulings of the Board is conducted in accordance with the Louisiana Administrative Procedure Act and is confined to the record as developed in the administrative proceedings. La. R.S. 42:1143 and 49:964(F). A reviewing court may reverse or modify the Board’s decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) not supported and sustainable by a preponderance of evidence as determined by the reviewing court. La. R.S. 49:964(G); In re: Corbett L. Ourso, Jr., 05-0543 (La.App. 1 Cir. 6/9/06), 938 So.2d 748, writ *404 denied, 06-2205 (La.11/17/06), 942 So.2d 542.
lí;We disagree with Mr. Higginbotham’s assertions that the Board’s decision in assessing civil penalties in accordance with the law was arbitrary, capricious, or an abuse of discretion. The judgment of the district court converting the Louisiana Board of Ethics’ order into an order of the court is affirmed. All costs of this appeal are assessed to Bobby D. Higginbotham.
AFFIRMED.

. La. R.S. 18:1505.1(B) provides that a failure to submit the reports required by the Campaign Finance Disclosure Act at the time required shall constitute a violation of the Act.

. The petition filed by the Board actually names eleven individual defendants. Separate judgments were rendered for each defendant, and Mr. Higginbotham is the only defendant who has appealed.

. La. R.S. 18:1482 provides: “The legislature recognizes that the effectiveness of representative government is dependent upon a knowledgeable electorate and the confidence of the electorate in their elected public officials. The legislature, therefore, enacts this Chapter to provide public disclosure of the financing of election campaigns and to regulate certain campaign practices.”