PETTIGREW, J.
| ¡/This is an appeal by the Louisiana Board of Ethics (the Board) of a final decision of the Ethics Adjudicatory Board (EAB) that reversed an automatic late fee of $1200.00 that was assessed against Empower PAC (E-PAC) for the untimely filing of its campaign finance report, in an alleged violation of the Campaign Finance Disclosure Act (CFDA). We find that the EAB’s action — reversing the fine assessed by the Board — was based on a factual finding that E-PAC’s failure to timely file its financial report was not knowingly done. Because the Board is only entitled to seek appeals on alleged errors of law, no *399 appeal lies from the EAB’s decision. Accordingly, the appeal is dismissed.
BACKGROUND FACTS, PROCEDURAL HISTORY AND APPLICABLE LAW
E-PAC is a political action committee affiliated with the Greater Lafayette Chamber of Commerce. A political committee is required, by La. R.S. 18:1491.6(A) [1] to file campaign finance disclosure reports; E-PAC elected to file such reports on a monthly basis. Pursuant to La. R.S. 18:1505.4[2], the treasurer or chairman of a political committee who knowingly fails to file or who knowingly fails to timely file any such reports as required may be assessed a civil penalty for each day until such report is filed. | ^Further, pursuant to La. R.S. 18:1505.1 [3], failure to submit the required reports shall constitute a violation of the CFDA, and failure to submit the report within three days after the final date for filing shall be presumptive evidence of intent to not file the report.
Pursuant to La. R.S. 18:1491.6(1)0.), E-PAC’s financial disclosure reports are due no later than the tenth day of the month. E-PAC asserts that since its inception in 2012, it has filed all monthly reports on a timely basis, with the exception of the August 2012 report. E-PAC asserts that it has always filed its reports pursuant to La. R.S. 18:1485 by fax, and has been successful in doing so, until the August 2012 incident that forms the basis of this appeal. E-PAC further asserts that the task of fax-filing the report fell to Samantha Leone, the Information Coordinator at the Greater Lafayette Chamber of Commerce, at the direction the Chairman of E-PAC, Mr. Trey Hill, and its treasurer, Ms. Jan Swift.
On August 7, 2012, Mr. Hill and Ms. Swift signed E-PAC’s monthly report, which was due to be filed three days later, on August 10, 2012. They then gave the report to Ms. Leone to file. According to Ms. Leone, she attempted to fax-file the report as she customarily did, but for unknown reasons, the fax never reached its *400 intended destination.[4]
|4On August 14, 2012, the Board issued a notice of delinquency to E-PAC informing it that its August report, which was due by August 10, 2012, had not been received, E-PAC responded in an attempt to remedy the situation by filing its report on August 16, 2012.
On August 24, 2012, the Board issued a Late Fee Assessment Order to E-PAC, noting that E-PAC’s report, filed August 16, 2012, was six days late, and assessed an “automatic” late fee of $200.00 per day, or $1200.00, against E-PAC, its Chairperson, Mr. Hill, and its treasurer, Ms. Swift. E-PAC sought a waiver of the assessment from the Board, attempting to explain the unknown reason that the fax-filing attempt on August 10, 2012 was unsuccessful; however, the Board denied its request for a waiver, asserting it had no power in equity and that once a violation of the CFDA was established, the Board was required to assess the full penalty provided by law.
On November 1, 2012, E-PAC appealed the assessment, and a hearing on the matter was scheduled before the EAB on February 8, 2013.
Following that hearing, the EAB rendered a Decision and Order on March 6, 2018, finding that “[t]he Board of Ethics proved that Empower PAC failed to timely file the report, but no civil penalty may be assessed because Empower PAC did not knowingly fail to timely file the report,” as required by La. R.S. 18:1505.4(A)(1). Under the section entitled “Findings of Fact,” the EAB noted that prior to being notified by the Board that the report had not been filed, the chairperson, Mr. Hill, and the treasurer, Ms. Swift, believed that the report had been filed as required. It also noted that since the report had been dated and approved by Mr. Hill and Ms. Swift on August 7, 2012, and given to Ms. Leone, the employee whose task it was to fax the report, they were all unaware that the faxed report had not been received by the Board. Thus, the EAB reversed the late fee of $1200.00 that had been assessed against E-PAC.
On March 18, 2013, the Board filed a request for rehearing with the EAB. In denying the rehearing, the EAB noted that E-PAC filed an affidavit from an employee (Ms. Leone) who contends she transmitted the report by fax, and significantly, she was not one of the persons responsible for filing the report under the CFDA. According to the LEAR, this was sufficient to *401 establish that E-PAC did not knowingly fail to file the report. The EAB further noted that it was irrelevant whether the report was actually transmitted by Ms. Leone, or even whether the affiant was truthful that she had transmitted the report, but rather, what was relevant was whether the responsible parties in E-PAC knowingly failed to file the report.
This appeal by the Board followed.
THE APPEAL
The Board asserts that it has taken this appeal pursuant to the authority set forth in La. R.S. 42:1142(A)(2)(a). That statute, which governs appeals falling under the Code of Governmental Ethics provides:
Upon the unanimous vote of its members present and voting, the Board of Ethics may appeal a final decision of the Ethics Adjudicatory Board to the Court of Appeal, First Circuit, within thirty days after the signing and transmission of the notice of the final decision, or if a rehearing is requested, within thirty days after the transmission of the notice of the decision of the Ethics Adjudicatory Board on the rehearing. Only questions of law In a final decision may be appealed pursuant to this Paragraph, and the appeal shall be limited to the record created at the hearing before the adjudicatory panel of the Ethics Adjudicatory Board. For purposes of this Paragraph, “final decision” means the decision and order of the adjudicatory panel of the Ethics Adjudicatory Board on the final disposition of the entire matter the Ethics Adjudicatory Board was required to hear. (Emphasis added.) [5]
On appeal, the Board argues that the EAB erred as a matter of law in conelud-ing that the evidence presented at the hearing established that E-PAC did not knowingly fail to file their campaign finance report in accordance with La. R.S. 18:1505.4(A)(1). However, we disagree with the Board’s characterization of the EAB’s conclusion as being a matter of law, because the conclusion that E-PACs failure to file its report timely was not knowingly done is actually a finding of fact. We also disagree with the Board’s implication that the term “knowingly” requires a legal determination since the term is not | ^defined by statute, “Knowingly” is a common word that has basic and universal meaning. It need not be defined by the statute, nor does it require a conclusion as a matter of law. It is hardly disputable that the term “knowingly” means with knowledge about something. In this matter, E-PAC presented evidence concerning the manner in which the report was signed, approved, and given to a staff employee by the chairperson and treasurer of the committee, with directions to fax-file it, as E-PAC had customarily done in the past. But for reasons unknown, but presumably as a result of a computer or fax machine glitch, and unknown to those persons, the report did not reach its intended destination. The EAB concluded, based on the evidence, that E-PAC’s failure to timely file its report was not knowingly done. The finding that the chairperson and treasurer believed that their directions had been carried out by the staff member to whom the report and directions had been given, and who had previously accomplished the filing in the same manner, using the same procedure — as well as the ultimate conclusion that the failure to timely file the report was not knowingly done — is a factual determination, based on *402 the evidence presented. Neither legal analysis nor statutory definition is necessary to reach or support such a finding.
Because the Board’s appeal is based solely on that factual finding, the appeal is impermissible, pursuant to La. R.S. 42:1142(A)(2)(a). Accordingly, the appeal must be dismissed.[6]
ATTORNEY’S FEES AND COSTS
The aforementioned statute governing appeals of Code of Governmental Ethics matters, La. R.S. 42:1142(A)(2), also provides, in pertinent part:
(b) If the Board of Ethics does not prevail in the final disposition of its appeal, the Board of Ethics shall be responsible for the payment of reasonable attorney fees and court costs of the other party inclusive of all stages of litigation and appeal.
|7(c) The amount of attorney fees shall be determined by the court of appeal and shall be set forth in the court’s judgment.
LSA-R.S. 42:1142(A)(2)(b) and (c). In accordance therewith, since we dismiss the Board’s appeal, we hereby assess the Board with appeal costs in the amount of $203.75 and attorney’s fees in the amount of $1500.00.
APPEAL DISMISSED.

. That provision provides:
A. The chairman of a political committee and the campaign treasurer of the committee, if any, shall be responsible for filing a report of all information required in this Section and R.S. 18:1491.7 with the supervisory committee at the times required in this Section. The political committee chairman and campaign treasurer of the committee, if any, shall certify, in each report, that the information contained in the report is true and correct to the best of their knowledge, information and belief, that no expenditures have been made and no contributions have been received that are not reported therein, and that no information required by this Part has been deliberately omitted.
LA-R.S. 18:1491.6

. In relevant part, La. R.S. 18:1505.4 provides:
A. (1) Any candidate, the treasurer or chairman of a political committee, or any other person required to file any reports under this Chapter, who knowingly fails to file or who knowingly fails to timely file any such reports as are required by this Chapter may be assessed a civil penalty as provided in R.S. 18:1511.4.1 for each day until such report is filed.
(2)(a) The amount of such penalty may be:
[[Image here]]
(v) Two hundred dollars per day, not to exceed three thousand dollars, for the treasurer or chairman of any political committee supporting or opposing a candidate, other than a candidate’s principal or subsidiary campaign committee. ■

.That provision provides:
A. Failure to submit the reports required by this Chapter shall constitute a violation of this Chapter. Failure to submit any such report within three days after the final date for filing shall be presumptive evidence of intent not to file the report.
La. R.S. 18:1505.1(A)

. An affidavit of Ms. Leone dated February 5, 2013, which was submitted at the hearing in this matter and is included in the record before us, states that she attempted to fax-file the report on August 31, 2012. E-PAC asserts that the affidavit is incorrect in that Ms. Leone actually attempted to fax-file the report on August 10, 2012. We note that the date of the notice of delinquency was August 14, 2012, that E-PAC successfully filed its report on August 16, 2012, and the date of the Late Fee Assessment Order was August 24, 2012. In vacating the fine, the EAB noted that the actual filing date of the report was irrelevant to its determination at the conclusion of the hearing, because the operative factual finding underlying its ultimate determination was the knowing aspect of the untimely filing, and not the actual filing date. Notwithstanding, once E-PAC discovered die error in the affidavit that was made part of the record before this court, it filed a Motion to Supplement the record with a corrected affidavit dated February 4, 2014, wherein Ms. Leone attests that the actual date of her attempted fax-filing was August 10, 2012. Because we dismiss this appeal, because it impermissibly seeks review of a factual finding by the EAB, we deny the motion to supplement as moot. However, we do note that E-PAC actually filed its report on August 16, 2012, after receiving notice of delinquency and realizing the faxed report had not reached its intended destination. This fact gives credibility to E-PAC’s assertions that the date in the original affidavit was ip error, since it would be redundant and defy common sense for E-PAC to, again, file another untimely report on August 31, 2012.

. The statute governing appeals of ethics matters was amended by Acts 2012, No. 607, § 1, effective June 7, 2012, and now allows appeals to this Court, but only as to questions of law.

. We note that pursuant to La. R.S. 18:1505.1, the failure to submit the reports within three days after the final date for filing shall be presumptive evidence of the intent not to file the report. We also note the possibility that, if applicable, the question of whether the evidence presented was sufficient to rebut such presumption may be a legal question, and statutorily permissible for review on appeal. However, the Board did not raise the applicability of that presumption at the hearing before the EAB; thus, the legal question of whether the evidence was sufficient to rebut such presumption was never raised, nor determined. Therefore, it is not properly before us.